IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

ANTHONY SHELBY,
SHELBY & SHELBY PROPERTIES, LLC, and
SHELBY, ARNOLD & SHELBY PROPERTY
MANAGEMENT, LLC,

        **Plaintiffs,**

v.                                        No. 2:17-cv-02418-SHM-cgc

NORTHFIELD INSURANCE COMPANY,

        **Defendants.**

---

REPORT AND RECOMMENDATION ON
MOTION TO DISMISS PLAINTIFF'S BAD FAITH CLAIM PURSUANT TO
TENNESSEE CODE ANNOTATED § 56-7-105

---

Before the Court is Defendant Northfield Insurance Company's ("Northfield") Motion to Dismiss Plaintiff's Bad Faith Claim pursuant to Tennessee Code Annotated § 56-7-105.[1] (Docket Entry "D.E." #14). The instant motion was referred to the United States Magistrate Judge for Report and Recommendation. (D.E. #17). For the reasons set forth herein, it is RECOMMENDED that Defendant's Motion to Dismiss Plaintiff's Bad Faith Claim pursuant to Tennessee Code Annotated § 56-7-105 be GRANTED.

I.     **Introduction**

On April 28, 2017, Plaintiffs Anthony Shelby, Shelby & Shelby Properties, LLC, and Shelby, Arnold, and Shelby Property Management, LLC filed their Complaint in the Circuit

---

[1] Although Defendant's Motion is styled as a Motion to Dismiss, it only seeks dismissal of Plaintiffs' bad faith claim pursuant to Tennessee Code Annotated § 56-7-105.

1

Court of Tennessee for the Thirtieth Judicial District at Memphis. (D.E. #1-2). Defendants removed the case to this Court on June 16, 2017 pursuant to 28 U.S.C. § 1332. (D.E. #1). The Complaint alleges that, on or about August 20, 2016, Plaintiffs and Northfield entered into an insurance policy agreement, Policy Number WS121622 ("Policy"), whereby Northfield would provide liability coverage for Plaintiffs' commercial rental properties including damage from fire. (Compl. ¶¶ 8, 13-14, 27). On or about September 25, 2016, Plaintiffs' property located at 940 Faxon Avenue, Memphis, Tennessee ("Faxon Property"), which contained three rental apartments, was significantly damaged as a result of a fire. (*Id*. ¶¶ 10, 16-17). Specifically, Plaintiffs allege that the Faxon Property sustained a "total loss of the property," a "loss of the majority of the property's contents," and that a fatality resulted. (*Id*. ¶ 16).

Plaintiffs allege that the Policy was in full force and effect on the date of the fire, that the Faxon Property was covered by the Policy, and that they "made a timely claim for property damage, and loss of rental income and other related damages" incurred as a result of the fire. (*Id*. ¶¶ 8-11, 16, 38). Plaintiffs allege that Defendants "have not paid the claim despite conducting a thorough investigation, in violation of the sixty (60) day requirement set forth in T.C.A. § 56-7-105." (*Id*. ¶¶ 12, 39). Plaintiffs further allege that Defendants denied their claim under the "Protective Safeguards" provisions of the Policy for failure to have operable smoke detectors at the Faxon Property. (*Id*. ¶¶ 28). Plaintiffs allege that Anthony Shelby did install smoke detectors "well before" the September 25, 2016 fire and that former tenants will corroborate that fact but that the current residents of the Faxon Property removed and deactivated them, a fact of which Plaintiffs were not aware until after the fire. (*Id*. ¶¶ 29-35). As causes of action, Plaintiff alleges breach of contract, bad faith refusal to pay pursuant to Tennessee Code

Annotated § 56-7-105, and violation of the Tennessee Consumer Protection Act ("TCPA") pursuant to Tennessee Code Annotated § 47-18-101, *et seq.*

On July 28, 2017, Defendant filed the instant motion to dismiss Plaintiffs' bad faith claim with prejudice. First, Defendant alleges that Plaintiffs "failed to plead sufficient facts to show that they made a formal demand for payment of their claim to the Defendant." Second, Defendant alleges that Plaintiffs "fail to plead sufficient facts to show that they waited the requisite sixty (60) days after submitting a formal demand before filing this lawsuit." Plaintiffs respond that their Complaint alleges that they did make a formal demand for their insured loss, (Compl. ¶¶ 11, 38), and that they waited nearly seven months after making their demand for payment before they filed their Complaint alleging bad faith.

## II.   Analysis

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)

(quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests." *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

To state a *prima facie* face for bad faith refusal to pay under Tennessee Code Annotated § 56-7-105, a plaintiff must allege as follows: (1) the policy of insurance must, by its terms, become due and payable; (2) a formal demand for payment was made; (3) the insured waited 60 days after making demand before filing suit unless there is a refusal to pay prior to the expiration of the 60 days; and, (4) the refusal to pay must not have been in good faith. *Walker v. Tennessee Farmers Mut. Ins. Co.*, 568 S.W.2d 103, 106 (1977) (citing cases). Defendants argue that Plaintiff did not adequately plead the second and third elements.

Upon review, the Complaint alleges that "Plaintiffs have made a timely claim for property damage, and loss of rental income and other related damages as a result of the September 25, 2016 fire." (Compl. ¶ 11). It later reiterates that Plaintiffs made a "valid claim for damages arising from or relating to the September 25, 2016 fire." (Compl. ¶ 38). Although

Plaintiffs do not use the words "formal demand," the Complaint does allege that a claim for damages was made upon the insurer. The Complaint alleges that it was timely made and sought property damage, loss of rental income, and other related damages. Although Defendants argue that the Court at this stage should further delve into the adequacy of the demand, as was done in *Walker*, that analysis occurred on appeal of a jury verdict which found that no adequate formal demand was made although the plaintiff "initially completed all of the forms required" by the insurer and "cooperated fully in answering questions." *Id.* However, at the pleading stage, such proof of the adequacy of the formal demand is not required. On the contrary, Plaintiffs have alleged that they made a claim for damages under the policy, and it is recommended that such an allegation is sufficient at the pleading stage to survive dismissal.

Defendants also argue that Plaintiffs did not wait sixty days after making demand before filing suit. The fire occurred on September 25, 2016, and Plaintiffs filed their suit on April 28, 2017. However, the Complaint does not state the date that the demand was made upon the insurer to determine if Plaintiffs waited the sixty-day period. Without the date that the demand was made, the Court cannot determine whether Plaintiffs waited sixty days after making their demand before filing suit. Thus, it is recommended that Plaintiffs have not pled the third element of a claim for bad faith refusal to pay. Accordingly, it is recommended that Plaintiffs' claim for bad faith refusal to pay pursuant to Tennessee Code Annotated § 56-7-105 be dismissed without prejudice.

### III. Conclusion

For the reasons set forth herein, Defendant's Motion to Dismiss Plaintiffs' bad faith claim pursuant to Tennessee Code Annotated § 56-7-105 is granted. It is further recommended that

Plaintiffs' claims for breach of contract and violations of the TCPA remain before the Court, as Defendant did not seek dismissal of those claims.

**DATED** this 29th day of November, 2017.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**