```
IN THE UNITED STATES DISTRICT COURT
   FOR THE WESTERN DISTRICT OF TENNESSEE
              WESTERN DIVISION
```

| | |
|---|---|
| **ANTHONY SHELBY, SHELBY & SHELBY PROPERTIES, LLC, and SHELBY, ARNOLD & SHELBY PROPERTY MANAGEMENT, LLC,** )<br>)<br>)<br>)<br>)<br>**Plaintiffs,** )<br>)<br>**v.** )<br>)<br>**NORTHFIELD INSURANCE COMPANY,** )<br>)<br>**Defendant.** ) | No. 2:17-cv-02418-SHM-CGC |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation, dated November 29, 2017 (the "Report"). (ECF No. 23.) The Report recommends that the Court grant Defendant Northfield Insurance Company's Motion to Dismiss Plaintiffs' Bad Faith Claim ("Motion to Dismiss") (ECF No. 14). Plaintiffs Anthony Shelby, Shelby & Shelby Properties, LLC, and Shelby, Arnold, and Shelby Property Management, LLC ("Plaintiffs") have not objected to the Report.

For the following reasons, the Report is ADOPTED and Defendant's Motion to Dismiss is GRANTED.

**I. Background**

On April 28, 2017, Plaintiffs filed their Complaint in the Circuit Court of Tennessee for the Thirtieth Judicial District

at Memphis.  (ECF No. 1-2.)  The Complaint alleges that, on or about June 20, 2016, Plaintiffs and Defendant entered into an insurance policy agreement (the "Policy"), under which Defendant "would provide liability insurance coverage for Plaintiffs['] commercial rental properties."  (Id. at 8.)

On or about September 25, 2016, one of Plaintiffs' rental properties, located at 940 Faxton Avenue, Memphis, Tennessee (the "Faxon Property") was significantly damaged by a fire. (Id.)  Plaintiffs allege that they "made a timely claim for property damage, and loss of rental income and other related damages as a result of the September 25, 2016 fire."  (Id.) They allege that Defendant "[has] not paid the claim despite conducting a thorough investigation, in violation of the sixty (60) day requirement set forth in T.C.A. § 56-7-105."  (Id.) Plaintiffs also allege that Defendant denied their claim because Plaintiffs failed to have operable smoke detectors at the Faxton Property, although smoke detectors had been installed "well before" the September 25, 2016 fire.  (Id. at 9-10.)  Plaintiffs allege three causes of action: breach of contract, bad faith refusal to pay pursuant to Tennessee Code Annotated § 56-7-105, and violation of the Tennessee Consumer Protection Act ("TCPA") pursuant to Tennessee Code Annotated §§ 47-18-101, et seq.. (Id. at 11-14.)

On June 16, 2017, Defendant filed a Notice of Removal to this Court. (ECF No. 1.) Removal was based on 28 U.S.C. § 1441 and 28 U.S.C. § 1446. (Id. at 1.)

On July 28, 2017, Defendant filed its Motion to Dismiss. (ECF No. 14; see also ECF No. 14-1.) Defendant argues that "Plaintiffs' Complaint fails to state a claim for damages under T.C.A. § 56-7-105." (ECF No. 14-1 at 47.) Defendant contends that Plaintiffs have not pled sufficient facts to show that they made a formal demand for payment of their claim to Defendant, and have not pled sufficient facts to show that they waited the required sixty days after submitting a formal demand before filing their Complaint. (Id. at 47-51.)

Plaintiffs responded to Defendant's Motion to Dismiss on August 10, 2017. (ECF No. 18.) Defendant replied on August 24, 2017. (ECF No. 19.)

On November 29, 2017, the Magistrate Judge entered the Report. (ECF No. 23.) The Report recommends that Defendant's Motion to Dismiss be granted. (Id. at 98-99.) The Report recommends that Plaintiffs' claims for breach of contract and violations of the TCPA remain before the Court because Defendant did not seek dismissal of those claims. (Id. at 99.)

## II. Analysis

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district-

court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). A district court has the authority to "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion." 28 U.S.C. § 636(b)(1)(B).

The district court has appellate jurisdiction over any decisions the magistrate judge issues pursuant to a referral. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. "A district judge must determine *de novo* any part of a Magistrate Judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The district court is not required to review -- under a *de novo* or any other standard -- "any issue that is not the subject of an objection." Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed. Id.; United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981.)

Plaintiffs have not objected to the Report, and the deadline to do so under Local Rule 72.1 has passed. See also 28

4

U.S.C. § 636(b)(1)(C).  Adoption of the Report's recommendations is warranted.  See Arn, 474 U.S. at 150-51.

For the foregoing reasons, the Report is ADOPTED and Defendant's Motion to Dismiss Plaintiffs' Bad Faith Claim is GRANTED.

So ordered this 28th day of December, 2017.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE